Tucker, P.
I am clearly of opinion, that the judgment should be affirmed. The errors assigned are, that the verdict was against evidence; that the instruction given was erroneous; that that refused ought to have been given; and that the court improperly declared its opinion on the weight of the evidence. All these objections are, I think, without foundation.
*185 As to the first: Was the verdict against evidence? . , . ,,, • This depends upon the question, whether there was, in this case, a sufficient excuse for not delivering the possession of the slaves to the vendees; for if not, then the sale was void, according to the principles of that class of cases of which that of Edwards v. Harben, 2 T. R. 587. has always been considered a leading one. For, although the doctrine of those cases has been much and very properly modified, yet they apply in their full force, where possession does not follow the deed, and there is no apology for the nondelivery. In the cases of Land v. Jeffries, 5 Rand. 252. and Sydnor v. Gee, 4 Leigh 535. the modifications and exceptions to the general rule are very carefully stated: they all admit, that if the property can be conveniently delivered, and is not delivered, but is retained in the service and for the use of the vendor, notwithstanding the sale purports to be immediate a.nd absolute, the transaction is fraudulent per se. Now, this was precisely the case here. The slave Peggy was, notwithstanding the sale, retained by the vendor in his own immediate possession. It was therefore as to her, confessedly, fraud per se. The slave Rolla, the subject of contest here, was kept on a farm held jointly by the vendor and his son, each being bound to furnish six hands. Rolla was one of those furnished by the vendor. He was, therefore, in the vendor’s possession, held jointly by him with his son. But as his contract was indefinite to furnish six hands, and Rolla was not expressly among them, he had at any time a right to take him out of the concern, and put in another in his place. That slave was, therefore, not only in his possession, but under his control, and might have been delivered at the time of the sale. He was, in point of fact, sent to the vendor by his son at the time of the sale: the son did not object to the sale; nor did he even insist on the substitution of another; for he says, that not intending to assert such right, he accordingly sent the *186 slave to his father at the time of the- sale, at his father’s request. But the father, instead of delivering him to the purchasers, sent him back to labour for his own profit in the joint concern. Subsequently, when the execution was in the sheriff’s hands, the slave was again sent to be delivered to the purchasers, the vendor having sent for him for that purpose. These facts prove a complete control over the property, and power of delivery. The failure to deliver, therefore, is not satisfactorily accounted for, and the case falls within the influence of the principle, that an absolute bill of sale is void, unless possession follows and accompanies the deed, or the want of it is satisfactorily accounted for.
It cannot but be remarked, in this case, that the deed is absolute and immediate; whereas the pretence is, that the son of the vendor was entitled to the possession of the property for seven years. This fact, together with the want of proof of consideration, creates a strong-suspicion of fraud in fact; which is fortified by the circumstances, that the vendor retained others of the slaves sold, that about the date of the sale there must have been judgments against the vendor, and that the slaves were sent over to be delivered to the purchasers, just at the time when the levy was about to take place. Upon the whole, I think the verdict is abundantly sustained by the evidence.
As to the instructions: that given on the defendants’ motion was strictly correct, as the general rule. It was not necessary or proper to set- forth the exceptions or modifications of that rule, unless the plaintiff had asked it. Were it otherwise, every instruction must contain a perfect institute of the law of the subject.
The instruction moved by the plaintiff was properly refused. He moved the court to instruct the jury, that if they believed that the vendor had parted with the slave Rolla for a year to his son, and that his son was actually in possession and authorized to detain him till *187 tlie end of the year, the bill of sale was not fraudulent J in law. The court refused to give the instruction, because it was of opinion that the evidence did not prove such a state of facts, and it would not give an instruction on a hypothetical case. The court did right: there was no such state of facts. The vendor, if the witness was credible, did not part with Rolla for a year to the son, and the son was not authorized to detain him till the end of the year. He was in the possession both of father and son, with the right of the father at any time to withdraw him, and put another in his place, and with the power (as the son did not insist on the substitution) to deliver him to the vendees without putting another in his place. There was no testimony which even tended to prove a right of exclusive possession in the son, or a right to retain the slave against the father’s will. The instruction therefore was rightly refused.
Lastly, it is said, the court improperly expressed its opinion upon the facts. I do not think so. No opinion would have been expressed, but' for the motion of the plaintiff to give an opinion upon an entirely fictitious state of facts. It then became necessary that the court should say, in justification of its refusal to instruct, that the facts upon which the instruction was based, had no existence in the cause. It is true, that the court, under our system of jurisprudence, cannot assume the right to instruct the jury upon the facts; yet it would be very mischievous, if every incidental remark of the court, in deciding the matters of law arising upon the trial, should be tortured into an invasion of the rights of the jury.
Upon the whole, I see no error in the record.
The other judges concurred. Judgment affirmed.